| | |
|---|---|
| Matthew J. Petrozziello | Jonathan R. Tuttle (admitted *pro hac vice*) |
| Bruce E. Yannett (admitted *pro hac vice*) | Ada Fernandez Johnson (admitted *pro hac vice*) |
| DEBEVOISE & PLIMPTON LLP | DEBEVOISE & PLIMPTON LLP |
| 919 Third Avenue | 801 Pennsylvania Avenue, N.W. |
| New York, New York 10022 | Washington, D.C. 20004 |
| Telephone:  (212) 909-6000 | Telephone:  (202) 383-8000 |
| Facsimile:  (212) 909-6836 | Facsimile:  (202) 383-8118 |

*Attorneys for J. Michael Pearson*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>18-cv-15286-MAS-LHG (Northwestern Mutual Life Insurance Co.) | Civil Action No. 15-7658<br><br>JUDGE MICHAEL A. SHIPP<br>JUDGE LOIS H. GOODMAN<br><br>JUDGE DENNIS CAVANAUGH, RET.<br>SPECIAL MASTER |

**J. MICHAEL PEARSON'S ANSWER TO PLAINTIFFS'**
**COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant J. Michael Pearson ("Mr. Pearson"), by and through his undersigned attorneys, hereby answers and responds to Plaintiffs' Complaint, dated October 24, 2018 (the "Complaint").

Pursuant to the September 24, 2019 Stipulation and Order (ECF No. 55) (the "Order"), the Answer and Affirmative Defenses that Mr. Pearson filed in the related class action, *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, Case No. 15-cv-7658 (the "Class Action"), ECF No. 378 (the "Class Action Answer"), is incorporated by reference as if set forth fully herein.  Order, ECF No. 55, ¶(a).  Accordingly, set forth below are Mr. Pearson's

1

(i) responses to Sections III.A and VIII of the Complaint, as well as those portions of Section XII of the Complaint that assert causes of action that are not asserted in the Class Action and have not been dismissed by the Court, to the extent such Counts are asserted against Mr. Pearson; and (ii) additional applicable affirmative defenses not raised in the Class Action Answer. *See id.*, ¶(b). No allegations in the Complaint shall be deemed admitted pursuant to Federal Rule of Civil Procedure 8(b)(6) unless admitted in (i) the Class Action Answer; (ii) the portions of this Answer addressing the above-mentioned specific paragraphs of the Complaint; or (iii) any amended answer as contemplated by section (d) of the Order. *See id.*, ¶(c).

**GENERAL DENIAL**

Except as otherwise expressly stated herein or in the Class Action Answer, Mr. Pearson (1) generally denies each and every allegation in the Complaint, including, without limitation, any allegations contained in the preamble, introduction, headings, subheadings, unnumbered paragraphs and footnotes of the Complaint; (2) specifically denies any allegations to the extent they assert or suggest that Mr. Pearson acted or was imputed with scienter; (3) specifically denies that he has caused Plaintiffs any harm; (4) denies any liability to Plaintiffs; (5) denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations where they consist of excerpts from and/or references to third-party publications or statements; and (6) denies any defined terms in the Complaint to the extent they constitute allegations directed at Mr. Pearson.

Mr. Pearson reserves the right to challenge the authenticity of all sources and documents referred to or purportedly quoted from in the Complaint, and to assert that any of the sources or documents referred to or purportedly quoted from by Plaintiffs in the Complaint are covered by the attorney-client privilege, the work product doctrine, and/or otherwise applicable privileges. Further, in each case where Mr. Pearson admits that Plaintiffs have accurately quoted a portion

of a document, Mr. Pearson does not thereby admit any allegation concerning the document's application, any characterization of the document or portion thereof, or that the selective quotation fairly represents the document as a whole, and respectively refers the Court to such document for a true and complete account of its contents.

Mr. Pearson reserves the right to seek to amend or supplement his Answer as may be necessary or appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

**A.    Section III.A**

18.    Mr. Pearson admits that Northwestern Mutual Life Insurance Co. ("Northwestern Life") is a plaintiff in this action. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18, and on that basis denies the allegations.

19.    Mr. Pearson admits that Northwestern Mutual Series Fund, Inc. – High Yield Bond Portfolio is a plaintiff in this action. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19, and on that basis denies the allegations.

20.    Mr. Pearson admits that Northwestern Mutual Series Fund, Inc. – Research International Core Portfolio is a plaintiff in this action. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20, and on that basis denies the allegations.

21.    Mr. Pearson denies that any illegal scheme existed, denies participating in any illegal scheme, denies that he made any misrepresentations or omissions, and denies that Valeant stock and notes traded at materially inflated prices. Mr. Pearson denies knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21, and on that basis denies the allegations.

**B.     Section VIII**

347.    The allegations in Paragraph 347 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required.  To the extent a response is deemed required, Mr. Pearson denies the allegations in Paragraph 347.

348.    The allegations in Paragraph 348 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required.  To the extent a response is deemed required, Mr. Pearson denies the allegations in Paragraph 348.

349.    The allegations in Paragraph 349 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required.  To the extent a response is deemed required, Mr. Pearson admits that Valeant shares of common stock trade on the New York Stock Exchange and the Toronto Stock Exchange, that Valeant files periodic reports with the SEC and makes periodic public statements to the market, that Valeant issued press releases, and that securities analysts have reported on Valeant.  Mr. Pearson otherwise denies the allegations in Paragraph 349.

350.    The allegations in Paragraph 350 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required.  To the extent a response is deemed required, Mr. Pearson denies the allegations in Paragraph 350.

351.    The allegations in Paragraph 351 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required.  To the extent a response is deemed required, Mr. Pearson denies the allegations in Paragraph 351.

352. The allegations in Paragraph 352 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies the allegations in Paragraph 352.

353. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 353, and on that basis denies the allegations.

354. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 354, and on that basis denies the allegations.

355. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 355, and on that basis denies the allegations.

356. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 356, and on that basis denies the allegations.

357. The allegations in Paragraph 357 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 357, and on that basis denies the allegations, except admits that the allegations in Paragraph 357 accurately quote portions of the 2013 Form 10-K.

358. The allegations in Paragraph 358 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 358, and on that basis denies the allegations, except states that to the extent the allegations purport to describe and/or quote documents, Mr. Pearson refers the Court to such documents for a true and complete statement of their contents.

359. The allegations in Paragraph 359 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 359, and on that basis denies the allegations, except admits that the allegations in Paragraph 359(a) accurately quote portions of the 2014 Form 10-K.

360. The allegations in Paragraph 360 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 360, and on that basis denies the allegations, except states that to the extent the allegations purport to describe and/or quote documents, Mr. Pearson refers the Court to such documents for a true and complete statement of their contents.

361. The allegations in Paragraph 361 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 361, and on that basis denies the allegations.

362. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 362, and on that basis denies the allegations.

363. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 363, and on that basis denies the allegations.

364. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 364, and on that basis denies the allegations.

365. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 365, and on that basis denies the allegations.

366. The allegations in Paragraph 366 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 366, and on that basis denies the allegations, except admits that the allegations in Paragraph 366 accurately quote portions of the 2013 Form 10-K.

367. The allegations in Paragraph 367 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 367, and on that basis denies the allegations, except states that to the extent the allegations purport to describe documents, Mr. Pearson refers the Court to such documents for a true and complete statement of their contents.

368. The allegations in Paragraph 368 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 368, and on that basis denies the allegations, except admits that the allegations in Paragraph 368(a) accurately quote portions of the 2014 Form 10-K.

369. The allegations in Paragraph 369 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 369, and on that basis denies the allegations, except states that to the extent the allegations purport to describe and/or quote documents, Mr. Pearson refers the Court to such documents for a true and complete statement of their contents.

370. The allegations in Paragraph 370 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 370, and on that basis denies the allegations.

371. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 371, and on that basis denies the allegations.

372. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 372, and on that basis denies the allegations.

373. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 373, and on that basis denies the allegations.

374. Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 374, and on that basis denies the allegations.

375. The allegations in Paragraph 375 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 375, and on that basis denies the allegations, except admits that the allegations in Paragraph 375(a) accurately quote portions of the 2014 Form 10-K.

376. The allegations in Paragraph 376 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 376, and on that basis denies the allegations, except states that to the extent the allegations purport to describe and/or quote documents, Mr. Pearson refers the Court to such documents for a true and complete statement of their contents.

377. The allegations in Paragraph 377 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 377, and on that basis denies the allegations.

C. **Section XII**

## COUNT V

424. Mr. Pearson incorporates by reference and restates this Answer's responses to Paragraphs 1-390 as if fully set forth herein. To the extent this Answer does not specifically respond to a cross-referenced paragraph, Mr. Pearson's responses to such allegations are encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein.

425. The allegations in Paragraph 425 consist of legal conclusions and Plaintiffs' description of their Mr. Pearson denies the allegations in Paragraph 425.

426. The allegations in Paragraph 426 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies the allegations in Paragraph 426.

427. The allegations in Paragraph 427 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies the allegations in Paragraph 427.

428. The allegations in Paragraph 428 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies the allegations in Paragraph 428.

429. The allegations in Paragraph 429 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed

required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 429, and on that basis denies the allegations.

430. Mr. Pearson incorporates by reference and restates this Answer's responses to Paragraphs 352–77 as if fully set forth herein. To the extent this Answer does not specifically respond to a cross-referenced paragraph, Mr. Pearson's responses to such allegations are encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein. The remaining allegations in Paragraph 430 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 430, and on that basis denies the allegations.

431. The allegations in Paragraph 431 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 431 regarding Plaintiffs' conduct, and on that basis denies the allegations.

432. The allegations in Paragraph 432 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies the allegations in Paragraph 432.

433. The allegations in Paragraph 433 consist of legal conclusions and Plaintiffs' description of their claims, to which no response is required. To the extent a response is deemed required, Mr. Pearson denies the allegations in Paragraph 433.

## AFFIRMATIVE DEFENSES

Pursuant to the Order, the Affirmative Defenses asserted in the Class Action Answer are incorporated by reference and restated herein.

Without assuming the burden of proof as to any defense or issue that would otherwise rest on Plaintiffs or as to any element of Plaintiffs' claims, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of his investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses, Mr. Pearson incorporates by reference and restates herein the Affirmative Defenses asserted in the Class Action Answer and Mr. Pearson asserts the following, additional affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Mr. Pearson at all times acted in good faith and did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe, that any misstatements or omissions of material fact existed in any of Valeant's filings with the United States Securities and Exchange Commission ("SEC").

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not actually rely on the public filings or statements alleged in the Complaint that were alleged to be materially false or misleading when made.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they are premised on alleged misstatements or omissions of material fact in documents that were not filed with the SEC.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they are beyond the applicable statute(s) of limitation and/or repose, and Plaintiffs are barred from invoking tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).

## ADDITIONAL DEFENSES

Mr. Pearson asserts, and expressly reserves all rights with respect to, all counterclaims, cross-claims, third-party claims or contribution claims that may be revealed during the course of discovery. Mr. Pearson also asserts and expressly reserves all rights with respect to all other defenses that may be revealed during the course of discovery. Mr. Pearson expressly reserves the right to amend and/or supplement this Answer.

Dated: November 12, 2019

s/ Matthew J. Petrozziello
Matthew J. Petrozziello
Bruce E. Yannett (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

Jonathan R. Tuttle (admitted *pro hac vice*)
Ada Fernandez Johnson (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 383-8000
Facsimile: (202) 383-8118

*Attorneys for J. Michael Pearson*